UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GREGORY BARNES,                                    COMPLAINT

               Plaintiff,

                                         PLAINTIFF DEMANDS
- against –                                       TRIAL BY JURY

THE CITY OF NEW YORK and POLICE
OFFICER JASON ARBEENY [Shield No. 20887]
in his individual and official capacity as a Police
Officer employed by the City of New York,

               Defendants.

-----------------------------------------------------------------X

Plaintiff, by his attorney, ANDREW F. PLASSE ATTORNEY AT LAW, as and for his Complaint, hereby alleges and shows to the Court the following, all upon information and belief:

1. Plaintiff Gregory Barnes hereby brings this action against the City of New York and Police Officer Jason Arbeeny, for damages arising out of unconstitutional policies and actions arising from the arrest of plaintiff on December 16, 2006 at Surf Avenue and W. 19th Street, Brooklyn, NY and the subsequent prosecution and imprisonment of the plaintiff. The alleged misconduct caused the plaintiff to spend two and a half years incarcerated along with two years post trial supervision. In addition, plaintiff also brings this action against the City of New York for his state claim against it for malicious prosecution.

2. Plaintiff brings this action against the defendants to redress the deprivation of rights secured to him and the decedent's estate by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, the parallel rights of the New York State Constitution, and 42 U.S.C Section 1983.

3. At the time of the incident herein, plaintiff was a resident of Brooklyn, NY.

4. Defendant City of New York is a municipal corporation of the State of New York with its address at 1 Centre Street, New York, NY.

5. Defendant Police Officer Jason Arbeeny is an individual, is sued in his individual and official capacity, and resides at 210 Nichols Road, Nesconset, NY.

6. That upon information and belief, the City of New York owned, operated, controlled and maintained the New York City Police Department by charter, or by law, under provisions of the State and/or City of New York

7. The District Attorney's ["D.A."] and Assistant District Attorneys of the Kings County ["ADAs"] are agents and employees of the City of New York with offices at 350 Jay Street, Brooklyn, NY.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

9. Venue is proper in this District pursuant to 28 U.S.C. Section 1381.

10. At all times hereinafter mentioned the defendants acted under color of state law or a statute, ordinance, regulation or custom.

11. That heretofore, the Plaintiff caused a Notice of claim in writing, sworn to by and on behalf of the Plaintiff, to be duly served upon the defendant City of New York by delivering a copy thereof to the Office of the Corporation Counsel of the City of New York, which said Notice of claim set forth the name and post office address of the plaintiff, the nature of the claim, the time when, the place where and the manner in which said claim arose and the items of damages or injuries claimed to have been sustained so far as then practicable; and that this

action is being commenced within one year after the happening of the event upon which this claim is based.

## STATEMENT OF FACTS

12. On December 16, 2006, at approximately 7:20 p.m., at Surf Avenue and W. 19th Street, Brooklyn, NY, plaintiff Gregory Barnes was arrested for Criminal Sale Controlled Substance 3rd Degree Criminal Possession of Controlled Substance 7th Degree, and Criminal Facilitation by Defendant Police Officer Jason Arbeeny.

13. Plaintiff did not sell a controlled substance, nor was he in possession of any controlled substance at the time of the incident, nor did he commit any other crime.

14. Police Officer Arbeeny fabricated evidence in the arrest of the plaintiff by stating he was in possession of heroin and attempting to sell heroin, when he had no heroin on his possession and did not attempt to sell heroin.

15. Police Officer Arbeeny fabricated that the plaintiff had in his possession a controlled substance and fabricated a story about what the plaintiff said to him, fabricated the criminal complaint by writing in false information.

16. At the time of the arrest, Police Officer Jason Arbeeny also conspired with others, and either directly or conspiring with others, planted the illegal substances on the plaintiff, made false entries in records, or acting in concert with other police officers, made false entries in records, and directly or acting with others filed records containing false information and criminal complaints about the plaintiff, in making the arrest of plaintiff to meet department quotas.

17. Plaintiff was indicted on January 29, 2007 for Criminal Sale of a Controlled Substance in the Third Degree [2 counts] Criminal Possession of a Controlled Substance in the Seventh Degree [2 counts] and Criminal Facilitation in the Fourth Degree [one count].

18. On June 20, 2007, Judge Martin Murphy found that the evidence presented to the Grand Jury was legally sufficient and denied a Motion to Dismiss the Indictment.

19. On July 6, 2007, plaintiff was sentenced as a predicate felon to two and a half years in state prison with two years post trial supervision.

20. The Police Officer in the Gregory Barnes arrest, Detective Jason Arbeeny, was subsequently convicted in 2011 of planting evidence on criminal defendants, accusing them of drug sales, found guilty of eight counts of falsifying records and official misconduct for planting drugs on innocent suspects for numerous cases in 2007 and sentenced to only five years probation and 300 hours of community services.

21. Along with Detective Jason Arbeeny, thirteen other officers, were key witnesses in his case and others, who were also convicted of various crimes while on duty in a similar manner.

22. Prior to the time of the plaintiff's arrest, conviction, and sentence both the NYPD and Kings County District Attorney were aware of the misconduct of Police Officer Jason Arbeeny and the thirteen other officers in the Brooklyn Narcotics unit, including the falsification of evidence in drug arrests, but failed to disclose that information to plaintiff or his attorney.

23. During the time that the plaintiff was serving his sentence of two and a half years, and the two years of post-trial supervision, both the NYPD and Kings County District Attorney were aware of the misconduct of Police Officer Jason Arbeeny and the thirteen other officers in

the Brooklyn Narcotics unit in falsifying information for drug sale and possession arrests, but failed to disclose that information to plaintiff or his attorney.

24. On September 7, 2022, plaintiff's conviction was vacated based on information that Police Arbeeny engaged in numerous instances of planting evidence, false arrest and misconduct.

25. Plaintiff's conviction was terminated in his favor in September 2022 based on the merits of the claim and not by a procedural technicality.

26. Plaintiff's conviction was terminated on the basis that the defendant and his fellow Officers were found in criminal court to having a pattern and practice of falsifying drug charges during the year 2007 following an investigation of the defendant and other police officers. and this evidence was the basis of vacating the plaintiff's conviction.

27. This exculpatory evidence was not provided to the plaintiff or plaintiff's defense counsel in a timely manner.

28. The failure to turn over Brady exculpatory material for years was more than wrongful conduct by one ADA. It was perpetuated and ratified by high level officials in the NYPD and Kings District Attorney's Office, who tried to cover up the misconduct, and failing that, withheld additional exculpatory evidence.

29. This alleged misconduct by the NYPD and Kings District Attorney, by concealing exculpatory evidence, favoring the defense, has a long history and has been the subject of prior lawsuits.

30. Because the Kings District Attorney is a policy maker for the City of New York with respect to the administration of that office, the unlawful policies and practices complained of in tolerating such misconduct was the moving force and proximate cause of the plaintiff's detention

for two and a half years plus two years of post-trial supervision and the City is therefore liable to the plaintiff pursuant to Monell v. City of New York and 42 U.S.C. Section 1983.

### AS AND FOR A FIRST CAUSE OF ACTION FOR MALICIOUS PROSECUTION UNDER STATE LAW AGAINST DEFENDANT THE CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:

31. That Police Officers, employees of the City of New York, as aforesaid, initiated a criminal proceeding against plaintiff, that the criminal proceeding terminated in the favor of the plaintiff, that there was no probable cause for the criminal charge as the charges were fabricated, and that the defendant acted maliciously and thereby defendant maliciously prosecuted the plaintiff causing him to sustain severe personal injuries.

32. Police Officers motivation for falsifying evidence was for a quota of arrests.

33. That the City of New York knew that its police officers were falsifying evidence for a quota of arrests.

34. Police Officer Jason Arbeeny falsified evidence to charge the plaintiff with felonies.

35. As a result, plaintiff served two and a half years in state prison with two years post trial release supervision.

36. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower state courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A MONELL CLAIM AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:

37. Upon information and belief, acting individual and on behalf of the Kings District Attorney, ADAs withheld favorable material evidence from the plaintiff and his attorney, presented false and misleading testimony and argument against the plaintiff at his trial, failed to correct such testimony and argument, acted to conceal the aforementioned wrongdoing from the plaintiff and his attorney, and perpetuated and ratified such misconduct during the trial of the plaintiff.

38. The aforesaid conduct operated to deprive plaintiff of his rights under the Federal and State Constitution and the laws of the United States and New York State.

39. The Kings District Attorney and ADAs failure to timely disclose for use at trial all material evidence favorable to his defense, pursuant to Brady v. Maryland, 373 U.S., 83 (1963); the Kings District Attorney and ADAs used false or misleading testimony or argument knowingly and/or recklessly presented by prosecutors in violation of the Fourth Amendment and ADAs violated the Plaintiff's right to be free from an illegal search and seizure by arresting him with evidence that was exculpatory to him; as a result of the arrest, plaintiff was a pretrial detainee in City Custody who spend time in jail in violation of the Fourth Amendment and a State Prisoner who had to serve out his time for the violation, and the presentation of false evidence and/or failure to provide exculpatory evidence for years after his arrest, violated his Eighth Amendment Rights.

40. The foregoing violated the plaintiff's constitutional rights by actions taken under color of State Law.

41. The foregoing violations of the plaintiff's constitutional rights were directly, proximately and substantially caused by conduct, chargeable to the City of New York, including the institution and implementation of unlawful policies, procedures, regulations, practices and/or

customs concerning the continuing obligation to make timely disclosure to the defense, before and during the trial of material evidence favorable to the defense; the duty not to present at trial false, misleading improper or unreliable evidence, testimony, statements or argument; the continuing obligation to correct false inaccuracies, incomplete or misleading evidence, testimony, statements or argument, whenever such acts occurred, and to remedy the harm caused by such acts, and deliberate indifference by policymaking officials at the Kings DA office in its obligation to properly train, instruct, supervise and discipline its employees, including the ADAs involved in the prosecution of the plaintiff's case, with respect to such matters.

42. Upon information and belief, the Kings District Attorney and its ADAs have a policy, express or implied, to permit and encourage its ADA's to withhold exculpatory evidence from defendants and its counsel, to cover up the withholding of exculpatory evidence, to orchestrate cover ups, to devise false versions of events, and that this policy has been indoctrinated into the Kings District Attorney's Office so that ADAs in the course of their duty are more likely to withhold exculpatory evidence during the course of a trial.

43. Upon information and belief, the Kings District Attorney and its ADAs has furthered and implemented this policy, by maintaining a system of review of its ADA's conduct which is so untimely and cursory as to be ineffective, and which permits and tolerates the withholding of Brady Material, and violations of the Constitution and deprivations of liberty without due process of law.

44. At all times pertinent hereto, the ADAs prosecuting the plaintiff herein were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the Kings District Attorney's office. These policies and practices which were enforced by the Kings District Attorney's office were the moving force, proximate cause, and/or the

affirmative link behind the conduct causing the withholding of Brady material, thereby resulting in the plaintiff's five years of incarceration and his resultant injuries.

45. The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by the District Attorney of Kings County, personally and through his authorized ADAs.

46. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of the plaintiff's constitutional rights and his personal injuries.

47. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWENTY MILLION [$20,000,000.00] DOLLARS.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A MONELL CLAIM AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

48. Upon information and belief, acting individuals on behalf of the New York City Police Department withheld favorable material evidence from the plaintiff and his attorney, presented false and misleading testimony and argument against the plaintiff at his trial, failed to correct such testimony and argument, acted to conceal the aforementioned wrongdoing from the plaintiff and his attorney, and perpetuated and ratified such misconduct during the trial of the plaintiff.

49. The aforesaid conduct operated to deprive plaintiff of his rights under the Federal and State Constitution and the laws of the United States and New York State.

50. The New York City Police Department failed to timely disclose for use at trial all material evidence favorable to his defense, pursuant to Brady v. Maryland, 373 U.S., 83 (1963); the New York City Police Department used false or misleading testimony or argument

knowingly and/or recklessly presented by Police Officers in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments and the Police Department violated the Plaintiff's right to be free from an illegal search and seizure by arresting him with evidence that was exculpatory to him; as a result of the arrest, plaintiff's parole and/or probation was violated, and he was a State Prisoner who had to serve out his time for the violation, and the presentation of false evidence and/or failure to provide exculpatory evidence for four years after his arrest.

51. The foregoing violated the plaintiff's constitutional rights by actions taken under color of State Law.

52. The foregoing violations of the plaintiff's constitutional rights were directly, proximately and substantially caused by conduct, chargeable to the City of New York, including the institution and implementation of unlawful policies, procedures, regulations, practices and/or customs concerning the continuing obligation to make timely disclosure to the defense, before and during the trial of material evidence favorable to the defense; the duty not to present at trial false, misleading improper or unreliable evidence, testimony, statements or argument; the continuing obligation to correct false inaccuracies, incomplete or misleading evidence, testimony, statements or argument, whenever such acts occurred, and to remedy the harm caused by such acts, and deliberate indifference by policymaking officials at the Police Department in its obligation to properly train, instruct, supervise and discipline its employees, including the officers involved in the prosecution of the plaintiff's case, with respect to such matters.

53. Upon information and belief, the New York City Police Department has a policy, express or implied, to permit and encourage its employees to withhold exculpatory evidence from defendants and its counsel, to cover up the withholding of exculpatory evidence, to orchestrate cover ups, to devise false versions of events, and that this policy has been

indoctrinated into the New York Police Department so that Officers in the course of their duty are more likely to withhold exculpatory evidence during the course of a trial.

54. Upon information and belief, the New York City Police Department has furthered and implemented this policy, by maintaining a system of review of its officers' conduct which is so untimely and cursory as to be ineffective, and which permits and tolerates the withholding of Brady Material, and violations of the Constitution and deprivations of liberty without due process of law.

55. Prior to plaintiff's arrest, policymaking officials at the NYPD with deliberate indifferent to the constitutional rights of the individuals suspected of criminal activity and to the risk of arresting, prosecuting and convicting innocent people, elected not to provide police officers and detectives with minimally adequate training and elected not to adopt minimally adequate policies, procedures, or standards.

56. In addition, NYPD policymaking officials instituted and implemented plainly inadequate policies, procedures, regulations, practices, customs, training, supervision and discipline concerning the continuing duty of police investigators to preserve and to make timely disclosure to the District Attorney, during the criminal investigations and prosecutions, of all material evidence or information, including Brady material, favorable to a person, suspected, accused, indicted or convicted of criminal conduct, including but not limited to, evidence of innocence, or evidence which was exculpatory or evidence tending to show innocence, so that the District Attorney could comply with his constitutional right and obligation to disclose such information under Brady.

57. The aforesaid deliberate or de factor policies, practices and/or customs were implemented and/or tolerated by policymaking official for the Defendant City of New York, so

that the NYPD was not properly trained to be able to make the types of decisions in the investigation and prosecution of a crime, necessary to avoid the deprivation of the constitutional rights of criminal suspects or defendants and avoid causing them constitutional injury.

58. The City of New York was aware of this policy based upon judicial decisions, criticizing NYPD officers, numerous credible allegations, some substantiated by judicial decision, that the NYPD had wrongfully withheld, lost or failed to disclose evidence favoring a criminal defendant that they had been required to make in a timely manner to the prosecution, or the defense under Rosario and Brady, numerous civil lawsuits some of which resulted in settlements, alleging that police falsified, exaggerated, or withheld evidence, thereby improperly causing injury to individuals suspected of a crime, decisions in all court discussing the difficult issues that arise under the Brady rule; judicial decisions criticizing the NYPD for failing to train and supervise officers in their Brady obligations and for failing to adopt adequate Brady Disclosure policies Walker v. City of New York, 974 F.2d 293 (2nd Cir. 1992), and the inherent need to train supervise and discipline police officers in such obligations to counteract the pressure on officers to close case and to obtain convictions and the incentives they have to ignore.

59. At all times pertinent hereto, the officers prosecuting the plaintiff herein were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the New York City Police Department.   These policies and practices which were enforced by the New York City Police Department were the moving force, proximate cause, and/or the affirmative link behind the conduct causing the withholding of Brady material, thereby resulting in the plaintiff's five years of incarceration and his resultant injuries.

60. The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by the New York City Police Department.

61. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of the plaintiff's constitutional rights and his personal injuries.

62. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWENTY MILLION [$20,000,000.00] DOLLARS.

**AS AND FOR A FIRST CAUSE OF ACTION FOR STATE CLAIM FOR MALICIOUS PROSECUTION UNDER STATE LAW AGAINST DEFENDANT POLICE OFFICER JASON ARBEENY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

63. That Police Officers Jason Arbeeny, as aforesaid, initiated a criminal proceeding against plaintiff, that the criminal proceeding terminated in the favor of the plaintiff, that there was no probable cause for the criminal charge as the charges were fabricated, and that the defendant acted maliciously and thereby defendant maliciously prosecuted the plaintiff causing him to sustain severe personal injuries.

64. That Police Officer Arbeeny knew he was falsifying evidence for a quota of arrests.

65. Police Officer Jason Arbeeny falsified evidence to charge the plaintiff with felonies.

66. Plaintiff's conviction was terminated in his favor in September 2022.

67. As a result, plaintiff served two and a half years in state prison with two years post trial release supervision.

68. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWENTY MILLION [$20,000,000.00] DOLLARS

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT POLICE OFFICER JASON ARBEENY FOR CLAIM UNDER FEDERAL LAW FOR MALICIOUS PROSECUTION, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:

69. That Police Officer Jason Arbeeny, as aforesaid, initiated a criminal proceeding against plaintiff, that the criminal proceeding terminated in the favor of the plaintiff, that there was no probable cause for the criminal charge as the charges were fabricated, and that the defendant acted maliciously and thereby defendant maliciously prosecuted the plaintiff causing him to sustain severe personal injuries.

70. That Police Officer Arbeeny knew he was falsifying evidence for a quota of arrests.

71. Police Officer Jason Arbeeny falsified evidence to charge the plaintiff with felonies.

72. Plaintiff was detained post arrangement prior to his conviction.

73. As a result, plaintiff served two and a half years in state prison with two years post trial release supervision.

74. Plaintiff's conviction was terminated in his favor in September 2022.

75. Upon information and belief, the actions taken as aforesaid by Defendant Police Officer Arbeeny was unconscionable and an unreasonable search and seizure in violation of the Fourth Amendment and a perversion of proper legal procedures implicating the plaintiff's personal liberty and privacy interest without due process of law under the Fourth, Fifth and Fourteenth Amendments.

76. Upon information and belief, Defendant Police Officer Jason Arbeeny, acted with actual malice toward the Plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

78. Solely by reason of the above, the plaintiff sustained severe personal injuries, was falsely arrested, maliciously prosecuted, wrongfully imprisoned, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, mental trauma, inconvenience and other effects of such injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

79. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWENTY MILLION [$20,000,000.00] DOLLARS.

**AS AND FOR A THIRD CAUSE SE OF ACTION AGAINST DEFENDANT POLICE OFFICER JASON ARBEENY FOR CLAIM UNDER FEDERAL LAW FOR DENIAL OF FAIR TRIAL, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

80. That Police Officer Jason Arbeeny, as aforesaid, initiated a criminal proceeding against plaintiff, that the criminal proceeding terminated in the favor of the plaintiff, that there was no probable cause for the criminal charge as the charges were fabricated, and that the defendant acted maliciously and thereby defendant maliciously prosecuted the plaintiff causing him to sustain severe personal injuries.

81. Police Officer Arbeeny was an investigating official, who fabricated facts in his criminal complaint about the plaintiff possessing and selling heroin, and said information was likely to influence a jury's verdict, and said information was forwarded to prosecutors, and as a result the plaintiff suffered a deprivation of liberty.

82. That Police Officer Arbeeny knew he was falsifying evidence for a quota of arrests.

83. Police Officer Jason Arbeeny falsified evidence to charge the plaintiff with felonies.

84. Plaintiff was detained post arraignment prior to his conviction.

85. As a result, plaintiff served two and a half years in state prison with two years post trial release supervision.

86. Plaintiff's conviction was terminated in his favor in September 2022.

87. Upon information and belief, the actions taken as aforesaid by Defendant Police Officer Arbeeny was unconscionable and an unreasonable search and seizure in violation of the Fourth Amendment and a perversion of proper legal procedures implicating the plaintiff's personal liberty and privacy interests without due process of law under the Fourth Amendment.

88. Upon information and belief, Defendant Police Officer Jason Arbeeny, acted with actual malice toward the Plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

89. Solely by reason of the above, the plaintiff sustained severe personal injuries, was falsely arrested, maliciously prosecuted, wrongfully imprisoned, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, mental trauma, inconvenience and other effects of such injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

90. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWENTY MILLION [$20,000,000.00] DOLLARS.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

II. Judgment on the Second Cause of Action against the City of New York in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS;

III. Judgment on the Third Cause of Action against the City of New York in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

IV. Judgment on the First Cause of Action against Police Officer Jason Arbeeny in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS;

V. Judgment on the Second Cause of Action against Police Officer Jason Arbeeny in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS;

VI. Judgment on the Third Cause of Action against Police Officer Jason Arbeeny in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS;

VII. Punitive Damages against Police Officer Jason Arbeeny in the amount of TWENTY MILLION ($20,000,000.00) DOLLARS;

VIII. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:   December 9, 2022
         Flushing, New York

_____
ANDREW F. PLASSE, Esq.
BY: ANDREW F. PLASSE
Attorney for the Plaintiff
Office and P.O. Address
163-07 Depot Road, Suite 205
Flushing, NY 11358
[212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

_____
ANDREW F. PLASSE, Esq.
BY: ANDREW F. PLASSE
Attorney for the Plaintiff
Office and P.O. Address
163-07 Depot Road, Suite 205
Flushing, NY 11358
[212] 695-5811